AMERICAN CASE & REGISTER COMPANY, Appellant, vs. WETZLER, Respondent.

*January 9—January 30, 1912.*

*Sales: Acceptance of order: Revocation: Burden of proof.*

1. The burden of proof to show that an order for goods was revoked before its acceptance is upon the party alleging such revocation.
2. The evidence in this case is *held* not to show that defendant revoked an order for goods before its acceptance by the plaintiff.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

For the appellant the cause was submitted on the brief of *Flanders, Bottum, Fawsett & Bottum.*

*Leon B. Lamfrom,* for the respondent.

TIMLIN, J. In the civil court for Milwaukee county a judgment was given against the defendant for $90 and inter-

est due on a promissory note. The complaint was appropriate to an action on a note, and the defendant answered setting up that the note was made with and was part of a contract dated July 22, 1909, by the terms of which it appears that defendant ordered plaintiff to make and ship f. o. b. Salem, Ohio, on or before September 21, 1909, or as soon thereafter as practicable, an article of property called "Physicians' Account Register and Case Recorder." This was to be paid for $10 with the order and balance of $90 by said note. There were many other stipulations contained in this contract, but it is only necessary to note that it contained a provision as follows:

"Taken subject to acceptance by the *American Case & Register Company* at home office. If not accepted, any money collected herein, together with any note executed, are to be returned to purchaser."

It was averred that this contract was procured by fraudulent representations, and that the defendant revoked the offer before its acceptance by plaintiff, and there was a counterclaim for the $10 based upon rescission of the contract. The plaintiff offered the note with computation and rested. The defendant offered his own evidence and that of Dr. Oakland and one letter in support of his affirmative defense. The evidence is very meager. Upon appeal the circuit court, on the evidence returned, reversed this judgment and gave judgment for the defendant for $10 and costs. From an oral opinion delivered by the circuit judge it appears this ruling was based upon his belief that the written offer was revoked by defendant before its acceptance by plaintiff.

No actionable fraud is shown by the evidence. Assuming that defendant had the right of rescission at his pleasure at any time before acceptance by the plaintiff, which is as favorable as defendant can expect, is there sufficient evidence to establish a revocation by defendant before acceptance of the offer by plaintiff? Taking all the evidence together, it ap-

pears that defendant received from plaintiff a letter dated
August 20, 1909, in answer to one of his of August 18, 1909,
assuring him that his order would receive the best of attention.
It also appears that the plaintiff retained the $10 and the note
and that it must have delivered the article to the railroad for
shipment, because the article arrived at Milwaukee and de-
fendant was so notified by the carrier.    We have no means of
ascertaining when it was shipped or when it arrived at Mil-
waukee.    The only evidence of rescission prior to acceptance
is defendant's statement that the next thing he did, after
finding out that he was not given the same terms as Dr. Oak-
land, was to cancel the order.    He did this by letter, but does
not give the contents of the letter nor the time when the letter
was sent.    He does say that after several of his letters he re-
ceived a card from the railroad company notifying him that
the cabinet had arrived, and he thereupon refused to accept it.

"*Q*. Did you communicate with him once, or did you com-
municate only once that you refused to accept the cabinet?
Objected to, and objection overruled.    *A*. I think I communi-
cated once with their attorneys at Youngstown, Ohio.    I
think that's the place, I am not sure."

The plaintiff moved to strike out that part of the evidence
relating to letters written as not the best evidence, but there
was no ruling made on this motion.

It is not necessary to search afar for rules or principles de-
terminative of this simple case.    The execution and delivery
of the contract, the note, and payment of the $10 was each a
step in the making of a contract to be closed by the remaining
step, namely, the assent of the plaintiff.    Until such assent
no contract was consummated and the defendant had a right
to withdraw his offer, there being no other consideration given
for the offer and no provision that it should remain outstand-
ing for a definite or fixed time.    But the unavoidable infer-
ence from the letter of August 20th, from the retention of
the note and the $10, and from the shipment of the cabinet,

is that the plaintiff accepted the offer. When it accepted the offer is not shown; neither is it shown when the defendant revoked the offer, assuming defendant's evidence of revocation to be competent. The burden of proof was upon the defendant to show revocation of his order prior to acceptance. This the evidence fails to do. It follows that the judgment of the circuit court must be reversed, and the cause remanded with directions to affirm the judgment of the civil court.

By the Court.—Judgment reversed, and cause remanded with directions as stated in the opinion.